## Commonwealth ex rel. Martin, Com'r of Revenue, v. Tom Moore Distillery Co.

Oct. 24, 1939.

As Extended on Rehearing June 6, 1941.

Clifford E. Smith, Clyde E. Reed, Samuel M. Rosenstein and J. J. Leary for appellant.

Woodward, Dawson & Hobson and Ernest N. Fulton for appellee.

Opinion of the Court by Chief Justice Ratliff— Reversing.

The appellant, Commonwealth of Kentucky, on relation of James W. Martin, Commissioner of Revenue, brought this action in the Franklin Circuit Court, seeking to recover of appellee the sum of $11,810.63, and a 20% penalty thereon, for its failure to pay the production tax provided by law on certain whisky manufactured by appellee within 15 days after same was manufactured.

The action was brought pursuant to Chapter 149 of the Acts of the General Assembly of 1934, which provides for the payment of certain taxes on the manufacture, sale, etc., of distilled spirits in this state or engaging in the business or occupation of blending, rectifying or mixing distilled spirits or purchasing and importing same into this state.

The petition alleges that between the dates of April 30, 1935, and January 12, 1937, the defendant, now appellee, was engaged in the business of distilling, manufacturing, transporting and selling in wholesale quantities, spirituous, intoxicating, alcoholic liquors, and between the aforesaid dates, the defendant manufactured, distilled, transported and sold by wholesale, 1,050,915.35 gallons of spirituous liquors on which the taxes provided for by law to be paid to the Department of Revenue of Kentucky had become delinquent by failure of the defendant to obtain a permit and pay said taxes to the Department of Revenue within 15 days after same had become due and payable, and, therefore, a penalty of 20% thereon attached. It was further alleged that since said tax became delinquent, defendant had paid the 5 cents per gallon on the said distilled spirits, but had failed and refused to pay the 20% penalty due thereon by reason of defendant's failure to pay the said excise tax as and when due. The prayer of the petition is that the plaintiff recover of the defendant the sum of $11,810.63 with interest thereon at 6% per annum from January 12, 1937, until paid and that in addition thereto, the defendant be adjudged to pay the penalty of 20% of the amount due, namely, 20% of $11,810.63. It appears that the principal sum of the tax has been paid and the penalty indicated above, only is in issue.

Appellee demurred to the petition, apparently on the ground that the penalty provided for by the General Assembly applied only to a *license* tax as distinguished from the production tax, the latter having been deter-

mined by this court to be technically termed an *excise* tax. The court sustained the demurrer and appellant failing to plead further, judgment was entered dismissing the petition. This appeal results.

The particular parts of the sections of the 1934 Acts discussed and relied on by counsel for the respective parties, to this appeal now appear in the Kentucky Statutes, 1936 Revision, as Sections 4214a-13, 4214a-15, 4214a-17 and 4214a-21. However, we do not think that Sections 4214a-15 and 4214a-17 have much, if any, bearing on the determinative question involved; nor does it appear that Section 4214a-13 is of material importance. The question must be determined mainly on the construction to be placed on Section 4212a-21, except, however, a consideration of the preceding sections, once read in connection with Section 4214a-21, might be of some assistance in construing the latter section.

Section 4214a-13 provides that:

"Every person engaged or proposing to engage in manufacturing, selling and transporting distilled spirits in this State, for such uses and purposes as may be lawful, shall obtain from the State Tax Commission a permit to engage in the business or occupation of manufacturing, transporting and selling distilled spirits for said purposes and shall at the time of the issual of said permit, pay to the Commonwealth of Kentucky, in addition to *the other* license taxes provided by law, an excise tax of five cents * * * for each proof gallon of distilled spirits for which said permit is issued * * * "

It is obvious from this section of the statute that it was contemplated by the Legislature that the manufacturer of distilled liquors should procure a permit in advance, and at the same time pay the excise or production tax, thus paying both taxes in advance. However, in view of the fact that it might be at least impracticable, if not impossible, for a distiller to foresee or determine the exact amount of liquor which would be manufactured by his plant in a certain time of contemplated operation, under any particular permit, and that in some instances the gallonage would be less than that provided for in the permit, and in other instances it would be more than called for in the permit, denominated by the distillers and Revenue Department as "overruns," and, for this

reason, apparently, in order that the distiller would not be instantly penalized for the excess gallonage manufactured, and not covered by the permit, it was the legislative intent to provide for such situation by giving to the distiller 15 days to pay the additional production tax on overruns, as provided in Section 4214a-21, which reads, in part:

> "On the failure of any person, liable therefor, to pay the taxes imposed herein, within 15 days after the same has become due, he or they shall be deemed delinquent, and a penalty of 20% on the amount of license tax due shall attach, * * *."

In order to sustain its position that the penalty applies only to the license tax for a permit to engage in the business or occupation of the manufacture of liquor, as set out in Section 4214a-13, but does not apply to the production tax, also mentioned in that section, appellee insists that the words *"license tax"* as used at or near the close of Section 4214a-21, is controlling, the language being that, "a penalty of 20% on the amount of *license tax* due shall attach, * * *." The argument is, that the above quoted language is conclusive, that it was the legislative intent to place a penalty only on the license tax authorizing one to engage in the business, but not on the production or excise tax of 5 cents per gallon for liquor manufactured.

On the other hand, it is the position of appellant that Section 4214a-21, nor any particular part of the Act should not be construed by singling out any words, section or isolated parts thereof, but that the Act as a whole must be taken into consideration in determining the legislative intent. It is to be noticed that in Section 4214a-21, just preceding the language, "a penalty of 20% on the amount of license tax due shall attach," it is provided that "on the failure of any person, liable therefor, to pay the taxes imposed herein within 15 days after the same has become due, he or they shall be deemed delinquent."

It is apparent that the phrase "to pay the *taxes* imposed herein" clearly indicates that it was the intention of the Legislature to impose the penalty on all taxes, license and excise, provided for by the Act as a whole, since it imposes two separate taxes, namely, license and production taxes—and, the language, last quoted above,

does not specifically point out any one tax, and the word "taxes" being in the plural number, indicates that all classes of taxes provided by the Act were subject to the penalty.

It is significant that throughout the entire Act, when speaking of the excise tax or license tax separately, the word "tax" is used in the singular number; but in the penalty section (4214a-21) the word "taxes" is used in the plural number. The language used throughout the act points to the conclusion that the 20% penalty is applicable to all taxes mentioned in the Act, except, however, near the close of the penalty section, the words *"license tax"* are used. It is upon those words that appellee rests its case. It must be conceded that these words standing alone and not considered in connection with the language used in the preceding parts of that section would be sufficient to sustain appellee's contention.

It is conceded that the production tax and license tax, referred to in the Act, are technically distinct taxes, for former being an excise tax as distinguished from the latter. There is no question of double taxation or a duplication of the same tax involved. The only question involved is, whether or not it was the legislative intent to impose the penalty upon both taxes, and it is conceded that the Legislature had the power to do so.

It is the further insistence of appellee that since the statute in question is penal in character, the law never favors penalties and will not exact them unless the statute is clear and convincing.

We are not unmindful of that rule, and, in accordance therewith, the courts will endeavor to ascertain the legislative intent as it may be gathered from the language used. It must be conceded that if the statute was so ambiguous as to leave reasonable minds in doubt, the penalty would not be exacted beyond the letter of the statute.

Section 459 of the Kentucky Statutes provides:

"* * * There shall be no distinction, in the construction of statutes, between criminal or civil and penal enactments. All statutes shall be construed with a view to carry out the intention of the legislature."

It is also the well-established rule that a literal construction of the statute will not be applied when such construction would defeat the purpose of the statute, and the intention the Legislature had in mind when enacting it. In Commonwealth, on relation, etc. v. Southern Railway Company, 193 Ky. 474, 237 S. W. 11, 14, it is said:

"Statutes enacted pursuant to the authority conferred by the Constitution for the purpose of imposing a general ad valorem tax will be construed according to the rules for interpreting other statutes—i. e., so as to carry out the intention of the Legislature as gathered from the terms of the statute itself—and, while a special tax statute will not be construed so as to include property not intended by the Legislature, as was held in the case of City of Maysville v. Maysville Street Railway Company, 128 Ky. [673] 682, 108 S. W. 960, 32 Ky. Law Rep. 1366, nor will a statute imposing a corporation organization tax be given a retroactive effect, without authority in the statute to do so, so as to include corporations previously organized, as was held in the case of Crecelius v. Carrollton Savings and Loan Association, 167 Ky. 813, 181 S. W. 635, yet:

" 'A statute imposing a tax upon a corporation will not be construed literally, if it is susceptible of any other reasonable construction, where a literal construction would enable the corporation to evade taxation, for statutes are always to be construed in accordance with the intention of the Legislature, and it is not to be supposed that the Legislature intends that taxation shall be evaded.' Fletcher's Cyclopedia of Corporations, page 7929."

Also, in the case of City of Covington et al. v. State Tax Commission et al., 257 Ky. 84, 77 S. W. (2d) 386, 388, the rule is thus stated:

"Preliminary to taking up for consideration the various subdivisions of the judgment that we have pointed out, it is appropriate at this point to observe that the fundamental rule for the interpretation of statutes is to declare and administer the intent of the Legislature in enacting it, and which is to be gathered from all parts of the statute and from all of the language employed in it, whether

conflicting or otherwise, and to give it the interpretation that such comprehensive view clearly indicates was the legislative intention. However, in applying such fundamental rule the express terms employed in the statute should not always be strictly or literally followed when the general import of the statute, and the clear purpose that the Legislature had in view in enacting it, demonstrate beyond controversy that such express terms, though possessing an ordinary and well understood meaning, should not be literally accepted. In other words, the rule is that a Legislature is forbidden to designate and expressly name in a statute a particular purpose or intention as motivating it when the language of the statute as a whole clearly, unerringly, and unmistakably portrays a different purpose and intention.''

The object of the penalty was to insure or induce prompt payment of the taxes when due. We are unable to see why the Legislature would have thought it of more importance to pay a license tax when due than to pay a production tax when due. It is not reasonable to presume that the Legislature would have been so solicitous concerning prompt payment of the license tax, and, on the other hand, manifested an obvious indifference as to the production tax. If the penalty is not applicable to the production tax, a taxpayer might defer payment indefinitely without being subjected to any penalty therefor.

Counsel for appellee attempt to explain such a result in view of Section 4214a-22, which provides a penalty of not less than $500 nor more than $1,000 for the violation of any provisions of the Act and, in addition thereto, revocation of the permit for two years. If this section of the statute be sufficient to induce prompt payment of the production tax, the same might be said with reference to the license tax. It appears that the statute, supra, was intended to be a blanket provision for any material violation of the Act, while the penalty section is a special provision to induce prompt payment of taxes imposed by the act when due, without being compelled to resort to litigation to enforce payment.

In view of the language used throughout the entire Act, and particularly Section 4214a-21, we think it reasonably clear that it was the legislative intention to im-

pose the penalty on the amount of the production tax which the manufacturer failed to pay on the due dates provided in the statute levying the tax, and which we conclude, should not be augmented by a like twenty per cent penalty on that sum. To construe the statute otherwise, the isolated word *"license"* would have to be given a controlling effect contrary to all other language used throughout the Act and would result in the application of a narrow construction contrary to the general trend of all other language used, and contrary to reason and obvious purpose of the statute.

. The conclusion so expressed, as it will be seen, is rested exclusively on the interpretation of the language of the involved section (4214a-21) as a part of Chapter 149 of the Acts of 1934, which appears on page 666 of the session acts of that year. It is purely a revenue statute, as is indicated by its title when it says: "An Act relating to revenue and taxation," etc. The remaining part of the title goes into detail with reference to the administration of its provisions, but does not change the subject matter of the act as indicated in the excerpt from its title. Nowhere in that act is there any provision made for a *permit* license fee to be obtained by a *manufacturer* of liquor before he may embark therein. The act purports to deal only with the levying of an excise tax on his product while exercising the privilege granted to him by his license or permit fee. On the contrary, the latter charge (license fee which at the time here involved was $1,000, but since reduced to $500) is a part of Chapter 146, which was enacted at the same session of the legislature and is found on page 613 of the session acts for that year. The particular portion thereof levying such license tax for a *manufacturer* of spiritous liquors is Section 1 of Article I (page 644 of the Session Acts) and is now Section 2554b-57 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The title to that chapter provides: "for license taxes on and permit fees for the manufacture, sale, transportation, possession or other disposition for medicinal, sacramental, scientific or mechanical purposes; of spirituous vinous or intoxicating malt liquors."

Nowhere in it is there created any sort of revenue tax on any product that might be manufactured under the permit or license charge contained in it. Therefore, it is perfectly plain that the twenty per cent penalty

imposed by Section 4214a-21 was upon the revenue provision of 5 cents per gallon of manufactured liquor made under the license fees referred to, as provided in Section 2554b-57, and not any sum for license fee or otherwise imposed under Chapter 149, supra, of the Acts of 1934. Therefore, the phrase "license tax" found in Section 4214a-21 cannot refer to the $1,000 permit or license fee provided by Chapter 146 of the 1934 Acts because the penalty therein provided is upon the failure "to pay the taxes imposed *herein,*" within fifteen days after the same have become due. (Our emphasis.) Since, therefore, the license tax was not imposed by that act (herein) the twenty per cent penalty is clearly calculable on the amount of gallonage tax that was not paid on the due dates provided by the act of which that section is a part. For such reaston it is doubly clear that our interpretation of the language of that section is correct.

But there remains an additional and most conclusive reason supporting our interpretation of Section 4214a-21, and revealing the error of the trial court's interpretation of it, and which is: That the section prescribes for the penalty imposed by it to be calculated on a prescribed fund which has not been paid "within 15 days *after the same has become due.*" (Our emphasis.) The permit or license fee upon which amount defendant (appellee) insists the penalty should be calculated is provided for by Section 2554b-10, a part of Chapter 146, supra, of the Acts of 1934. It says in part:

"Said application [for a license or permit to manufacture liquor] shall be accompanied by a certified check or cash or postal money order for the amount required by this Act for such permit."

In other words, the actual payment of the amount of the license to procure a permit is a condition precedent to its obtention, and there is no other time fixed in that or any other statute for such license fees to "become due" or delinquent so as to start the 15 days' delinquency in the payment of that fee as a condition precedent to the attachment of the penalty, since the amount of the license fee was compelled to be paid under the statute, supra, when the license was obtained and by the very terms of the statute there could be no past-due license fees or any delinquency in its payment. To construe the statute as contended for by defendant and appellee would thereby render Section 4214a-21 both fal-

134

lacious and purposeless and convict the legislature of enacting a farcical statute. All statutes are presumed to be enacted for the furtherance of a purpose on the part of the legislature and should be construed so as to accomplish that end rather than to render them nugatory. With that rule in mind it is perfectly clear that it was the intention of the legislature in enacting Section 4214a-21 to require the penalty therein provided for to be calculated on the gallonage tax on the amount of whisky manufactured as and when done, and which is provided for in the same enactment of which that section is a part.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion; the Whole Court sitting, except Judge Fulton.