**UNITED STATES of America,**
**Appellant,**

v.

**STOCK YARDS BANK OF LOUISVILLE,**
**KENTUCKY, Appellee.**

**No. 12505.**

United States Court of Appeals
Sixth Circuit.

April 2, 1956.

Louise Foster, Washington, D. C. (H. Brian Holland, Ellis N. Slack, A. F. Prescott, Washington, D. C., J. Leonard Walker, Louisville, Ky., on the brief), for appellant.

John P. Sandidge, Louisville, Ky. (Woodward, Hobson & Fulton, Louisville, Ky., on the brief), for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

On August 10, 1950, the Commissioner of Internal Revenue assessed income taxes, penalties, and interest against Clarence J. Theobald in the total amount of $129,960.67 for the years 1943 through 1946. Theobald was a resident of Jefferson County, Kentucky. Notice of the resulting tax lien was filed with the County Clerk of Jefferson County on October 5, 1950. On October 23, 1950, warrants of distraint and a notice of levy were served upon the appellee bank, advising the bank that all property then in its possession belonging to or payable to Clarence J. Theobald was being thereby seized and levied upon for the payment of Theobald's tax liability.

At that time the bank had in its possession one hundred and fifty Series E United States Savings Bonds of a maturity value of $25.00 each, and each registered in the names of "Clarence J. Theobald or Mrs. Theas Theobald." Theas Theobald was Clarence J. Theobald's wife. She was not a delinquent taxpayer. The bonds had been left by Clarence J. Theobald with the president of the bank more than two years earlier, when Theobald received a $2,500 loan from the bank and executed a promissory note for that amount.[1]

The bank advised the Collector of its refusal to surrender these bonds to him in response to his demand. This action was then brought by the United States against the bank under Section 3710 of the Internal Revenue Code of 1939 for the value of the bonds, plus interest from the date of the levy.

The district court concluded as a matter of law that the bonds were owned by Clarence J. Theobald and his wife as joint tenants, that Mrs. Theobald had the right at any time to demand delivery of the bonds from the bank and collect what was due on them by simply endorsing them, and that this right could not be taken from her by a levy or distraint based upon an assessment against her husband. Accordingly, the court entered judgment dismissing the complaint, and from that judgment the government has appealed.

The relevant provisions of Section 3710 of the Internal Revenue Code of 1939 are as follows:

"§ 3710. Surrender of property subject to distraint. (a) *Requirement.* Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) *Penalty for Violation.* Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the

---

1. The bonds could not be hypothecated. 31 Code Fed.Reg., § 315.11. The bank therefore was a bailee not a pledgee of the bonds. See 26 U.S.C.(1952 Ed.) § 3672.

property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy. * * * (26 U.S.C. 1952 Ed., Sec. 3710)."

■ As this court has said, "the proceeding authorized is not an action in rem, nor is it a suit for the collection of a tax. It is a suit to enforce personal liability for failure to surrender property belonging to a delinquent taxpayer." Commonwealth Bank v. United States, 6 Cir., 1940, 115 F.2d 327, 330.

That the bank was in possession of the bonds, and that it refused to surrender them upon demand, it conceded in its answer. The bank made no claim that the bonds were subject to an attachment or execution under any judicial process at the time demand was made for their surrender. In order to prevail, therefore, the government contends that it was incumbent upon it to establish only (1) that the bonds were subject to distraint, (2) that a levy had been made upon them, and (3) that they were "property, or rights to property" of Clarence J. Theobald, the delinquent taxpayer. In asking us to reverse the district court's dismissal of the complaint, the government argues that upon the facts above set forth these three elements were all established.

The appellee bank, on the other hand, takes the position that the bonds were not property subject to distraint, and that in any event no levy was made upon them. The bank insists further that the United States had the additional burden of establishing the value of the delinquent taxpayer's "property or rights to property" which the bonds represented, and that it failed to do so.

Whether the bonds were "property subject to distraint" depends upon whether the United States was a judgment creditor within the meaning of the Treasury Regulations under which the bonds were issued. 31 Code Fed.Reg. § 315.13. Whether a levy was made upon the bonds depends upon what technical requirements are necessary to constitute a levy. Section 3692 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3692, does not set out any method for accomplishing a levy upon property. The bank argues that in addition to issuing warrants of distraint and serving notice of levy, it was incumbent upon the government to serve a notice of lien. Cf. United States v. O'Dell, 6 Cir., 1947, 160 F.2d 304, 307; Commonwealth Bank v. United States, 6 Cir., 1940, 115 F.2d 327, 328. These questions are not reached, however, in the view we take of this case.

We cannot agree with the district court that Clarence J. Theobald and his wife held the bonds in joint tenancy. Under the applicable Treasury Regulations there are only three forms under which Series E Bonds may be registered: in the name of one person, in the names of two persons in "co-ownership form," or in the names of two persons in "beneficiary form." 31 Code Fed. Reg. § 315.4. The bonds in the present case were issued in co-ownership form.

■ This court has held that co-ownership by husband and wife of Series E Bonds is not the equivalent of tenancy by the entirety under state law, but rather is an estate the limitations and conditions of which are delineated by the terms of the contract and by federal law. Guldager v. United States, 6 Cir., 1953, 204 F.2d 487. See Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; Bank of America National Trust & Savings Ass'n v. Rocco, 3 Cir., 1955, 226 F.2d 297, 299. The incidents of the estate of co-ownership are spelled out in some detail in this court's opinion in the Guldager case.

For the same reasons that co-ownership cannot be equated to tenancy by the entirety, it cannot be equated to joint ownership. While co-ownership and joint ownership possess many of the same incidents, notably the right of survivorship, they are not the same. One

of the important differences is that a co-owner may alone present the bond for redemption, receive payment in full, and thereby eliminate the other co-owner's interest in the bond, so far at least as the issuer is concerned. 31 Code Fed.Reg. § 315.45.

■ As between two co-owners, however, the regulations as well as judicial decisions have recognized that the extent of the property interest of each is a question of fact, not of law. One co-owner may as a matter of fact be the sole owner of the bond; he may be a half owner; he may have some other fractional ownership. Thus, the regulations provide that "a claim against an owner or co-owner of a savings bond and *conflicting claims as to ownership of or interest in such bond as between co-owners * * * will be recognized when established by valid judicial proceedings. * * *"* They further provide that "if a debtor, or bankrupt, or insolvent is not the sole owner of the bond, payment will be made only *to the extent of his interest therein,* which must be determined by the court or otherwise validly established." 31 Code Fed.Reg. § 315.13. See Barrett v. Barrett, D.C. N.D.Ohio 1950, 91 F.Supp. 680, 684; United States v. Ridley, D.C.N.D.Ga. 1954, 120 F.Supp. 530, 537; Guldager v. United States, 6 Cir., 1953, 204 F.2d 487, 488.

■ Beyond showing that it was the delinquent taxpayer who had left the bonds with the president of the appellee bank, the government adduced no evidence to establish the extent, if any, of his property interest in them. Proof of the actual value of the taxpayer's interest was an essential element of the government's case under the statute, and for lack of such proof the case falls. United States v. Aetna Life Ins. Co. of Hartford, Conn., D.C.D.Conn.1942, 46 F.Supp. 30.

Although the precise question here in issue has not apparently previously been decided, the decisions relating to joint bank accounts and insurance policies are closely analogous. Almost uniformly, those decisions support the conclusion we have here reached. Raffaele v. Granger, 3 Cir., 1953, 196 F.2d 620, 623; United States v. Emigrant Industrial Savings Bank, D.C.S.D.N.Y.1954, 122 F.Supp. 547; United States v. Massachusetts Mut. Life Ins. Co., 1 Cir., 1942, 127 F. 2d 880; United States v. Aetna Life Ins. Co. of Hartford, Conn., D.C.D.Conn. 1942, 46 F.Supp. 30; Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934; United States v. Penn Mut. Life Ins. Co., 3 Cir., 1942, 130 F.2d 495, 142 A.L.R. 888; United States v. Metropolitan Life Ins. Co., 2 Cir., 1949, 130 F.2d 149. But see United States v. Third Nat. Bank & Trust Co., D.C.M.D.Pa.1953, 111 F.Supp. 152.

Whether and how it would have been possible to establish the value of one co-owner's property in an action in which neither of the co-owners was a party, we need not now decide. Nor do we here determine whether the delinquent taxpayer and his wife could properly have been made parties to this proceeding. See Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. United States v. Aetna Life Ins. Co. of Hartford, Conn., D.C.D.Conn.1942, 46 F.Supp. 30.

It should be pointed out, however, that distraint is a rough and ready remedy. This short cut form of self-help developed by the common law has been available to the government in pursuit of delinquent taxpayers since the eighteenth century. See United States v. Metropolitan Life Ins. Co., 2 Cir., 1942, 130 F.2d 149. Where the value and nature of the taxpayer's property rights are not in question, distraint is no doubt a useful tool in the effective enforcement of the Internal Revenue laws. But it is a blunt instrument, ill-adapted to carve out property interests where their nature and extent are unclear.

There is available to the government an alternative remedy well-designed to resolve the issues in the present case. Under Section 3678 of the Internal Revenue Code of 1939, the United States can bring suit against the bank to enforce a

lien on the bonds and name both the taxpayer and his wife co-defendants.[2] In such a proceeding the extent of the taxpayer's interest in the bonds can be finally adjudicated, and the rights of all parties fully protected. 26 U.S.C. § 3678 (1952 Ed.).

The judgment of the district court is affirmed.

2. Compare § 7403 of the Internal Revenue Code of 1954. 26 U.S.C.A. § 7403. We are advised that after the dismissal of the present action the government filed suit under § 3678 of the 1939 Code, and that proceedings in that litigation have been informally stayed pending determination of this appeal.