COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

George M. CATLETT and Geraldine Catlett, Appellees.

COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

Caroline M. BAILEY and J. Harrison Bailey, Appellees.

Court of Appeals of Kentucky.

June 30, 1978.

Ed W. Hancock, Asst. Atty. Gen., Dept. of Transp., Frankfort, Ann E. Samani, Frankfort, for appellant.

Joseph J. Leary, Frankfort, for appellees.

Before GANT, HOGGE and WINTERSHEIMER, JJ.

GANT, Judge.

The appellants appeal from an order in each of these cases dismissing two condemnation proceedings for lack of jurisdiction. The lower court ruled that KRS 177.082 mandates that these actions and all like them should be filed in the county court and that the Franklin Circuit Court had no jurisdiction over the proceedings.

The history of condemnation proceedings in Kentucky discloses that in 1952 the Acts provided that all such proceedings should be commenced in the county court of the county in which the land was located. In 1970,

an alternate method was provided, granting to the county court and circuit court concurrent jurisdiction over such proceedings. In 1976, pursuant to a research project, the legislature attempted to put all condemnation proceedings in the circuit court, seeking to simplify the procedure. However, the legislature failed to repeal KRS 177.082 in spite of enacting new statutes and in spite of enacting the Eminent Domain Act of Kentucky (KRS 416.540–416.670). At the special session in 1976, this oversight was cured but in the hiatus, and at the time these actions were brought, both KRS 177.-081 and KRS 177.082 were in effect.

KRS 177.081 read, in essential part, as follows:

(1) The commonwealth of Kentucky, bureau of highways, . . . may . . condemn the lands . . . designated as necessary.

(2) The proceedings for condemnation shall be as provided in the Eminent Domain Act of Kentucky.

KRS 416.570 provided as follows:

Filing of Petition. . . . a condemnor seeking to condemn property or the use and occupation thereof, shall file a verified petition in the *circuit court* of the county in which all or the greater portion of the property sought to be condemned is located . . . (Emphasis added).

KRS 177.082 read as follows:

County attorney to represent bureau of highways in condemnation proceedings—Petition.—The commonwealth of Kentucky, bureau of highways, when seeking to condemn lands . . . shall direct the county attorney or any attorney authorized to represent the commonwealth to file a petition in the office of the *county court clerk* in the county in which all or the greater portion of the land . . is located. (Emphasis added).

Thus we have two specific statutes, one directing that the verified petition be filed in the circuit court and the other directing that the petition be filed in the office of the county court clerk. This is not a question of a general statute against a specific statute but is, instead, two specific statutes.

Although the intent of the legislature is manifestly clear, we do not have to speculate on legislative intent in such a situation. The law is clearly set out in the case of *Commonwealth ex rel. Martin v. Tom Moore Distillery Co.*, 287 Ky. 125, 152 S.W.2d 962 (1939), when the court said, "All statutes are presumed to be enacted for the furtherance of a purpose of the legislature and should be construed so as to accomplish such purpose rather than to render them nugatory." At worst, these conflicting statutes granted concurrent jurisdiction and did not grant sole jurisdiction to the county court.

Accordingly, these cases are reversed and remanded to the lower court for further proceedings consistent herewith.

All concur.