COMMONWEALTH of Kentucky ex rel. Maurice P. CARPENTER, Commissioner of Revenue, Appellant,

v.

COLLINS & MAY, Unity Transport, Inc., Cox Trucking Company (Walter Scott Cox)

and

Rifle Coal Company, Flat Top Mining Company, D. B. Gullett

and

J. R. & N. Coal Company, Unity Transport, Inc., Flat Top Mining Company, D. B. Gullett Trucking Company

and

Unity Transport, Inc., Flat Top Mining Company, Tommy Hill

and

E–Town Supply, HRN Coal Company, Bill Ratliff

and

Rifle Coal Company, HRN Coal Company, Unity Transport, Inc., L. & L. Trucking Company, Appellees.

Court of Appeals of Kentucky.

Jan. 18, 1980.

888

William P. Sturm, Dept. of Revenue, Frankfort, for appellant.

Gary E. Conn, Grayson, Thomas M. Davis, Morgan County Atty., L. Barrett Frederick, West Liberty, for appellees.

Before GANT, HOWARD and WHITE, JJ.

GANT, Judge.

These consolidated actions were brought pursuant to KRS 135.010 and KRS 135.020 and each was resisted on the grounds that said sections are unconstitutional. In these actions, the state attempted to collect some of the 500–800 delinquent tax accounts in this county by the use of the distraint process provided in these two sections of the statute against persons owing money to the delinquent taxpayer. The lower court dismissed these actions on the grounds (1) that Chapter 134 of the Kentucky Revised Statutes must be complied with and the remedies thereunder provided must be exhausted before any action may be taken under Chapter 135; and (2) that an original proceeding under Chapter 135, without the prior proceedings under Chapter 134, would be unconstitutional as denying due process of law. We reverse.

These two chapters of the Kentucky Revised Statutes are obviously alternative methods of collection. The language in neither of these chapters makes them interdependent or exclusive. Our courts have long held that:

Where two statutes seemingly conflict, courts must harmonize them and give such construction as will give effect to each if possible. *General Motors Acceptance Corporation v. Shuey,* 243 Ky. 74, 47 S.W.2d 968 (1932); *Tubbs v. Commonwealth,* 248 Ky. 24, 58 S.W.2d 236 (1933); *Lewis v. Mosely,* 215 Ky. 573, 286 S.W. 793 (1926).

If a proceeding was held under Chapter 134, there would simply be no necessity for Chapter 135 to exist, as a garnishment after the personal judgment obtained under Chapter 134 would suffice.

As the court stated in *Commonwealth ex rel. v. Tom Moore Distillery Co.*, 287 Ky. 125, 152 S.W.2d 962 (1941): "All statutes are presumed to be enacted for furtherance of a purpose on the part of the legislature and should be construed so as to accomplish [such purpose] rather than to render them nugatory." In fact, Chapter 134 contemplates other remedies, when it states:

KRS 134.050(1). Every tax imposed by law and all increases, penalties and interest thereon shall be a personal debt of the person liable for the payment thereof, from the time the tax becomes due until paid. In addition to all other remedies, the collection thereof may be enforced in the same manner as the collection of any other debt due the state. The penalty prescribed by KRS 135.060, when applicable, shall be applied to the amount of the original tax, interest and penalties.

KRS 134.380(1). The commissioner of revenue may act in the name of and in behalf of the state and in the name of and in behalf of any and all counties, school and other taxing districts in the state, except cities, to institute and prosecute any action or proceeding for the collection of delinquent taxes in the assessment of omitted property.

▮ The federal courts have long recognized the collection of taxes by distraint, in the same manner as provided by KRS 135.-010 and KRS 135.020, and held that the due process clause is not violated. See *Springer v. United States,* 102 U.S. 586, 26 L.Ed. 253 (1881). They have also held this process to be a constitutionally valid expedient necessary for the collection of delinquent taxes and available to the government since the 18th century. *United States v. Stock Yards Bank,* 231 F.2d 628 (6th Cir. 1956); *United States v. Manufacturers Trust Co.,* 198 F.2d 366 (2d Cir. 1952).

Further, the federal courts have held that distraint proceedings constitute a wholly independent collection procedure which may be followed without regard to whether an action to enforce a tax lien has been previously brought. *United States v. Mitchell,* 349 F.2d 94 (5th Cir. 1965).

▮ The proceedings provided herein are held upon due notice, in circuit court, with provision made for the taxpayer to present any defenses to the collection which he might have, as well as an opportunity to the person distrained.

▮ The judgment in each of these cases is reversed and they are remanded for further action consistent herewith.

All concur.