Janis M. WATSON and Ronald M. WATSON *v.* STATE of Arkansas DEPARTMENT OF FINANCE AND ADMINISTRATION

84-106                                                    675 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered September 24, 1984

*Ronald W. Watson,* and *Janis M. Watson,* for appellants.

*Timothy J. Leathers, Joseph V. Svoboda, Kelly S. Jennings, John H. Theis, Ann L. Kell, Joe Morphrew, and Mike Munns,* by: *Wayne Zakrzewski,* for appellee.

ROBERT H. DUDLEY, Justice. The appellants refused to submit to an audit of their tax records. The Commissioner of Revenues made estimated determinations of the sales tax and income tax due which appellants contested before the Board of Hearings and Appeals of the Revenue Division of the Department of Finance and Administration. The Board upheld the commissioner's estimate and appellants did not appeal. The commissioner then filed Certificates of Indebtedness for the delinquent taxes with the circuit clerk. Writs of execution were issued and the sheriff levied upon appellants' property. The appellants then filed this original suit in circuit court contending that they were entitled to schedule a five hundred dollar personal property exemption under Section 2 of Article 9 of the Constitution of Arkansas. The trial court found the argument to be without merit and refused to schedule an exemption. We affirm. Jurisdiction is in this court under Rule 29 (1) (a).

Section 1 of Article 9 provides a two hundred dollar personal property exemption for persons who are not the head of a family. Section 2 provides a five hundred dollar personal property exemption for persons who are the head of a family. The Section 1 exemption is from process issued by any court "for the collection of any debt by contract." The similar Section 2 exemption is from process issued "from any court on debt by contract."

Both exemptions apply to debts incurred as the result of a contract. *State* v. *Williford,* 36 Ark. 155 at 160 (1880). They do not apply to a liability created by statute. *Buckley* v. *Williams,* 84 Ark. 187, 105 S.W. 95 (1907). The appellants' debt for delinquent taxes is a liability created by statute. Ark. Stat. Ann. Title 84, Chapters 19 and 20. The debt was not incurred as the result of a contract, either express or implied, thus appellants are not entitled to the claimed exemptions.

Affirmed.