Ernest R. RAIM, Executor of the Estate of William L. Raim, Petitioner-Appellee,

v.

Linda Sue STANCEL, Respondent-Appellant.

No. 2-69202.

Court of Appeals of Iowa.

Aug. 30, 1983.

William G. Faches and Martha L. Quint of Faches, Gloe & Quint, Cedar Rapids, for respondent-appellant.

James W. Affeldt of Eells, Blackstock, Affeldt & Harms, and Eldon L. Colton, Cedar Rapids, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Respondent, Linda Stancel, appeals from an adverse judgment wherein the trial court cancelled and set aside one certain deed to her from petitioner-appellee's decedent, William L. Raim. On appeal Linda claims the warranty deed dated January 10, 1975 from William L. Raim to Linda Sue Stancel (1) was a valid inter vivos gift, (2) was not a conditional deed, (3) was delivered, and (4) the trial court improperly overruled her motion to dismiss for the reason petitioner failed to meet the burden of proof to set aside a deed. We affirm the trial court.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. While we are not bound by the findings of the trial court, we do give them weight, especially where the credibility of witnesses is involved. Iowa R.App.P. 14(f)(7); *In re Marriage of Bowen,* 219 N.W.2d 683, 687 (Iowa 1974).

The facts leading to this controversy are essentially as follows:

While hospitalized and awaiting surgery on the morning of January 10, 1975, decedent William L. Raim, a widower, executed a will which devised his house to Linda Sue Stancel and sums of money to Linda's parents, Della and George Stancel, and to the Stancel's sons.

Later the same morning, decedent and Della had a discussion, and it was decided that another will should be executed. A second will was prepared which gave Linda some household goods in addition to the house and increased the devise to Della and George.

At the same time decedent executed this second will, he also executed a warranty deed to Linda for the house. While Linda was out of the room, decedent handed the deed to Della and instructed her that she was to keep it for Linda until decedent could no longer live in the house or until he died. (There is a dispute about whether decedent established a further condition that Linda stay in the house and take care of him for as long as he lived there.) Linda then returned, and decedent told her he was giving her the house and that he had given the deed to Della with certain instructions. Decedent apparently handed the deed to Linda, and she immediately returned it to him. Decedent also executed a power of attorney appointing Della his attorney-in-fact.

In March 1975, decedent became upset with Della's actions under the power of attorney, and he executed a third will, which eliminated the devise to Della and George but retained the devises to Linda and the Stancels' sons. Decedent also revoked the power of attorney.

When decedent returned home from the hospital in March 1975, Linda moved in with him and took care of him until October 1977, when she again moved out. Thereafter, another woman became a full-time live-in housekeeper for decedent. In April 1978, decedent executed a fourth will, which did not devise the house to Linda or any money

to Della and George and their sons. Decedent died in June 1980.

Two weeks after decedent's death, the deed conveying the decedent's house to Linda, which Della had kept since January 1975, was recorded. Ernest R. Raim, the executor of decedent's estate, then filed a petition to cancel the deed and establish that title to the house would pass to the devisees under decedent's fourth will. Linda, Della and George answered the petition, and a trial was held.

The trial court specifically concluded, and we believe rightfully so, (1) the manual transfer of the deed was to a third party and not to the purported grantee; (2) there were undisputed conditions limiting the transaction (if he moved out of the house or died); (3) Raim was an elderly gentleman whose wife had died. He was mainly concerned with being taken care of during his final years. This, too, was an added condition and one which Linda did not perform. There was no completed consideration for any purported transfer; (4) the deed was not filed for record until after Raim died; (5) although Linda was named by Raim in earlier wills, her name had been deleted as a devisee in his final will; (6) Raim, not Linda, continued possession and control of the property and exercised acts of ownership and dominion over it; and, finally concluded the executor had sustained his burden of showing nondelivery of the deed by clear, satisfactory and convincing evidence.

The trial court cancelled and set aside the deed of record and ordered and decreed the property in said deed shall pass to the devisees set forth in the last will and testament of decedent, i.e., the fourth will.

I. In order for a deed to constitute a valid gift there must be (1) donative intent, (2) delivery, and (3) acceptance. 23 Am.Jur.2d *Deeds* § 76. The intent of the grantor is the controlling element in the delivery of a deed. *Hilliard v. Hilliard,* 240 Iowa 1394, 39 N.W.2d 624 (1948). If a condition as to the vesting of title is attached to the delivery of the gift, the gift fails. 38 Am.Jur.2d *Gifts* § 81. Therefore, a valid gift is made when a nonconditional

delivery is tendered, otherwise it is not a valid inter vivos gift.

■ II. A gift in escrow is valid if the intent of grantor was to reserve a life estate with a remainder passing to the grantee. *Klosterboer v. Engelkes,* 255 Iowa 1076, 125 N.W.2d 115 (1963). Such a transfer must be made without reserving the right to recall it, with instructions to deliver it to the grantee upon the grantor's death. *Klosterboer,* 255 Iowa at 1080, 125 N.W.2d 115. The evidence showed, inter alia, it was Raim's intent to have Linda receive the property if she cared for him in his old age. Attaching such a condition would obviously *not* place the deed beyond the recall of the grantor as required by *Klosterboer.* Under either theory, inter vivos gift or gift in escrow, such a conditional gift fails.

■ III. Raim intended to keep some control over the property to assure that Linda would care for him in his infirmity. Such a conditional gift is invalid, whether made directly or in escrow. 38 Am.Jur.2d *Gifts* § 81. The donor must have a clear intention to pass all right, title and dominion over the gift to the donee. *Vavaris v. Vavaris,* 255 Iowa 800, 124 N.W.2d 163 (1963). A gift inter vivos operates, if at all, in the donor's lifetime, immediately and irrevocably. *Vosburg v. Mallory,* 155 Iowa 165, 168, 135 N.W. 577 (1912). When a deed is delivered to the grantee with intention that it become operative only on the death of the grantor, it will not pass title. *Avery v. Lillie,* 260 Iowa 10, 148 N.W.2d 474, 477 (1967).

■ IV. The level of proof required by "clear, satisfactory and convincing evidence" is no higher than the term "clear and convincing evidence" as defined to mean the establishment of facts "by more than a preponderance of the evidence, but something less than establishing a factual situation beyond a reasonable doubt." *In re Henderson,* 199 N.W.2d 111, 121 (Iowa 1972). For evidence to be "clear and convincing," it is merely necessary that there be no serious or substantial doubt about the correctness of the conclusion drawn from it.

*See* Words and Phrases, Permanent Edition, Vol. 7, at 623–24.

Iowa R.App.P. 14(f)(12) provides that "written instruments affecting real estate may be set aside only upon evidence that is clear, satisfactory and convincing."

■ Based upon the material and relevant evidence adduced by testimony of competent and credible witnesses, we hold the trial court correctly found and concluded, inter alia, that "Raim was an elderly gentleman whose wife had died. He was mainly concerned with being taken care of during his final years. This, too, was an added condition and one which Linda did not perform. There was no completed consideration for any purported transfer," which is supported by clear, satisfactory and convincing evidence in the record on appeal. Accordingly, the trial court properly overruled respondent's Motion to Dismiss as petitioner did meet the requisite burden of proof to set aside a deed.

The trial court's Order and Decree is affirmed in all respects. Costs of this appeal are assessed to appellant.

AFFIRMED.