**IN THE COURT OF APPEALS OF IOWA**

No. 13-1014
Filed April 16, 2014

**IN THE MATTER OF THE
ESTATE OF GLORIA BRANER,**
Deceased.

**NATHAN BRANER AND BRANDON BRANER,**
Interested Party-Appellants.

_____

Appeal from the Iowa District Court for Hancock County, Rustin T.

Davenport, Judge.

Beneficiaries appeal from the district court ruling on objections to the

executor's final report on the estate of their mother. **APPEAL DISMISSED.**

Nathan Braner, Cokato, Minnesota, pro se.

Brandon Braner, Golden Valley, Minnesota, pro se.

Nicholas T. Larson, of Larson Law Office PLLC, and Vernon E. Kratchmer,

of Kratchmer Law Office, Osage, for appellee.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Nathan and Brandon Braner appeal from the court's order approving the final report of the executor for decedent's estate, claiming the court erred in overruling their objection that funds raised in a benefit for decedent just days before her death were gifted to the decedent and constituted part of her estate. The Braners appeal is untimely, and we dismiss the appeal.[1]

I.

Gloria Braner ("Gloria") died testate on November 26, 2009, at the age of fifty-three after a bout with cancer. She left her two children, Nathan and Brandon Braner ("Braners"), as sole beneficiaries of her estate. Four days prior to Gloria's death, her friends and family arranged a benefit auction for the purpose of raising money to assist Gloria with expenses related to chemotherapy and alternative cancer treatments. A total of $5174 was raised through the auction. The three businesses putting on the auction collected all the proceeds, but Gloria passed away before the money was ever placed in her control. After Gloria's death, the companies in charge of the auction decided to donate $3480 of the amount raised to Camp Sunnyside as a memorial in Gloria's name. The companies intended to donate the remainder to the Garner wrestling program as a memorial.

Mike Wertz, Gloria's brother, was named executor of the estate. In his final report to the court, Wertz did not include the $5174 raised at the benefit auction as part of the estate's assets. The Braners objected to the final report. The district court, in approving the final report, held:

---

[1] Braner's motion for limited remand is denied.

> The court analyzes this issue under gift law. To meet the requirements of a gift, there must be (1) donative intent, (2) delivery, and (3) acceptance. The [auction] money was not given directly to Gloria Braner. The final delivery of that money was never made to her. Since the money was never delivered to Gloria Braner, the money cannot constitute a part of her estate . . . . The court finds that the money donated was not given to Gloria and was not a part of her estate.

Thereafter, the Braners filed a motion to enlarge findings. In a ruling dated May 24, 2013, the district court denied the Braners' motion.

## II.

Appellee first argues that we lack jurisdiction over this appeal. Generally, "[a] notice of appeal must be filed within 30 days after the filing of the final order or judgment." Iowa R. App. P. 6.101(1)(b). However, when a motion to enlarge is timely filed, as here, "the notice of appeal must be filed within 30 days after the filing of the ruling on such motion." *Id.* The timely filing of the notice of appeal is jurisdictional. *See Doland v. Boone Cnty.*, 376 N.W.2d 870, 876 (Iowa 1985). The notice of appeal must be filed with the clerk of the district court where the order or judgment being appealed was filed. *See* Iowa R. App. P. 6.102(2).

The district court ruled on the Braners' motion to amend or enlarge on May 24, 2013. The Braners were thus required to file their notice of appeal in the district court by June 24, 2013.[2] The Braners' notice of appeal was not filed until June 25, 2013. An argument could be made that the deadline to file their notice of appeal was tolled because the Braners arguably timely served their notice of appeal. *See* Iowa R. App. P. 6.101(4) ("The time for filing a notice of appeal is

---

[2] Thirty days after May 24, 2013 was Sunday, June 23, 2013. As that date fell on a weekend, the Braners had until the next business day, June 24, 2013, to file their appeal.

tolled when the notice is served, provided the notice is filed with the district court clerk within a reasonable time.") (citing Iowa R. Civ. P. 1.442). The argument fails, however, because the Braners have not established timely service of their notice of appeal to commence the tolling period. Iowa Rule of Civil Procedure 1.442(7) requires that all papers "required or permitted to be served or filed shall include a certificate of service." The rule further provides "[a]ction shall not be taken on any paper until a certificate of service is filed in the clerk's office . . . . The certificate *shall be signed* by the person making service." Iowa R. Civ. P. 1.442(7) (emphasis added). In the present case, the certificate was unsigned and was otherwise incomplete. Because there is no proper certificate of service establishing timely service of the notice of appeal, the Braners' time to file their notice of appeal was not tolled. Because the Braners' notice of appeal was filed one day after the thirty-day deadline, we do not have jurisdiction to consider their appeal. *See Hays v. Hays*, 612 N.W.2d 817, 818 (Iowa Ct. App. 2000).

Even if we had jurisdiction over the Braners' appeal, their claims would fail on the merits. A hearing on a fiduciary's final report is an equitable proceeding; therefore, our review is de novo. *See In re Estate of Johnson*, 387 N.W.2d 329, 332 (Iowa 1986). The Braners had the burden of proving the donations made at the benefit auction were "gifts" intended for Gloria. *See In re Kneebs' Estate*, 70 N.W.2d 539, 542 (Iowa 1955) ("The party who is required to plead an issue has the burden of proving that issue."). "[A] gift is made when the donor has a present intention to make a gift and divests himself 'of all control and dominion over the subject of the gift.'" *In re Estate of Crabtree*, 550 N.W.2d 168, 170 (Iowa 1996) (citation omitted); *accord Raim v. Stancel*, 339 N.W.2d 621, 624 (Iowa Ct.

App. 1983). "Normally, to meet the requirements of a gift in Iowa, there must be (1) donative intent, (2) delivery, and (3) acceptance." *Alcor Life Extension Found. v. Richardson*, 785 N.W.2d 717, 725 (Iowa Ct. App. 2010). "The intent of the grantor is the controlling element." *Id.*

At hearing on the objections, only executor Mike Wertz testified. There was no evidence regarding the marketing of the auction, the stated purpose of the auction, or the intent of the persons who purchased items from the auction. On this record, the intent of the alleged donors is simply unknown. The Braners therefore failed to carry their evidentiary burden.

**APPEAL DISMISSED.**