## IN THE COURT OF APPEALS OF IOWA

No. 14-0179
Filed April 16, 2014

IN THE INTEREST OF D.M.J.L.
and J.A.I.L., Minor Children,

A.L., Mother,
Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

A mother appeals from a juvenile court order terminating her parental rights to two children. **AFFIRMED.**

Roberta Megel of State Public Defender Office, Council Bluffs, for appellant mother.

Norman Springer of McGinn, McGinn, Springer & Noethe, Council Bluffs, for father.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, Matthew Wilber, County Attorney, and Eric Strovers, Assistant County Attorney, for appellee.

Michael Hooper, Council Bluffs, for minor children.

Considered by Potterfield, P.J., Doyle, J., and Miller S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Alexandria ("Alex") is the mother of D.M.J.L. and J.A.I.L. ("the children"), who were four and six years of age respectively at the time of the December 2013 termination of parental rights hearing. Alex appeals from a January 27, 2014 juvenile court order terminating her parental rights to the children. (The same order terminated the parental rights of the children's father, and he has not appealed.) We affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS.

On November 30, 2012, the police were called to the home where the children were living with Alex and relatives. The conditions of the home were unacceptable for children. Alex appeared drunk and was yelling. The children were taken into protective custody.

A petition was filed alleging the children to be in need of assistance (CINA). Alex did not appear at a December 10, 2012 temporary removal hearing. The juvenile court ordered Alex to submit to a mental health evaluation and meet any resulting recommendations, and to undergo a substance abuse evaluation and fulfill any resulting requirements. It also ordered her to participate in visitation with the children as recommended by the Iowa Department of Human Services (DHS), participate in Family Safety, Risk, and Permanency Services; submit to random drug screens; and obtain suitable and stable housing. The children were placed in the custody of relatives, subject to DHS supervision.

On January 16, 2013, the juvenile court adjudicated the children CINA pursuant to Iowa Code sections 232.2(6)(b) (2013) (child whose parent has physically abused or neglected the child, or is imminently likely to do so), (c)(2)

(child whose parent fails to exercise a reasonable degree of care in supervising the child), and (n) (child whose parent's mental capacity or condition, or drug or alcohol abuse, results in the child not receiving adequate care). The court continued its previous order concerning services, reunification efforts, and custody.

The juvenile court's orders and the status of the children continued through a February 20, 2013 disposition hearing and a May 29, 2013 review hearing and resulting court orders. Alex was homeless until shortly before the February hearing. The court ordered her to secure employment. At the time of the May hearing Alex had not completed either a mental health evaluation or a substance abuse evaluation, and had not secured employment.

The juvenile court held a permanency hearing on July 29, 2013. Alex had been hospitalized for depression and suicidal thoughts. She had reported she had undergone a psychiatric evaluation, but she had not provided any supporting documents to the DHS and the DHS was concerned it might have been a very limited evaluation, addressing only Alex's current needs. Alex asserted she had completed a chemical dependency evaluation in June and had been told she needed only to attend AA meetings. Alex reported completing another substance abuse evaluation while recently hospitalized resulting in a recommendation for follow-up treatment. She provided no evidence she had completed the alleged evaluations and no evidence she had followed through with recommended treatment. At the permanency hearing Alex acknowledged she could not appropriately care for the children.

The DHS recommended the permanency plan be changed to termination of parental rights and adoption. The court agreed, and ordered that the State seek termination of parental rights.

On August 16, 2013, the children were moved to a pre-adoptive foster home, where they have thereafter remained. By the time of the termination hearing the children appeared bonded to the foster parents; referred to the foster parents are "mom" and "dad"; felt safe in their care, which they had not felt while in the care of their biological parents; and were thriving in the care of their foster parents.

The State filed a petition for termination of parental rights in early October 2013. Alex did not attend the termination hearing, and her whereabouts were then unknown. Following the hearing the juvenile court terminated Alex's parental rights pursuant to Iowa Code sections 232.116(1)(d) (children adjudicated CINA for physical or sexual abuse or neglect as result of acts or omission of parent, parent was subsequently offered or received services to correct circumstance which led to adjudication but circumstance continues to exist), (e) (child adjudicated CINA, child removed from parent's physical custody for at least six months, parent has not maintained significant and meaningful contact with child during previous six consecutive months and has made no reasonable efforts to resume child's care despite being given opportunity to do so), and (i) (child CINA for physical or sexual abuse or neglect as result of acts or omissions of parent(s), the abuse or neglect posed significant risk to life of child or constituted imminent danger to child, offer or receipt of services would not correct conditions within reasonable period of time). Alex appeals.

## II.    SCOPE AND STANDARDS OF REVIEW.

Our review of a termination of parental rights proceeding is de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  We are not bound by the juvenile court's findings of fact, but we give them weight, especially when considering credibility of witnesses.  Iowa R. App. P. 6.904(3)(g); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  Grounds for termination of parental rights must be proved by clear and convincing evidence.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of the] conclusions of law drawn from the evidence."  *C.B.*, 611 N.W.2d at 492 (citing *Raim v. Stancel*, 339 N.W.2d 621, 624 (Iowa Ct. App. 1983)).

## III.    STATUTORY GROUNDS FOR TERMINATION.

Alex asserts the State did not prove any of the statutory grounds upon which the juvenile court terminated her parental rights.  Although the juvenile court relied on each of three separate statutory provisions to terminate her rights, we need find grounds under only one of those provisions in order to affirm the court if otherwise appropriate.  *See In re R.R.K.*, 544 N.W.2d 274, 276 (Iowa Ct. App. 1995).  We choose to focus on section 232.116(1)(e).

The first two elements of that provision, adjudication as CINA and the period of removal, were clearly proved and Alex challenges only the third element, failure to maintain significant and meaningful contact during the previous six consecutive months and lack of reasonable efforts to resume care of the children despite being given the opportunity to do so.

> "*[S]ignificant and meaningful contact*" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e)(3).

The children's November 2012 removal from Alex was the result of unsanitary and deplorable living conditions, parental intoxication, ongoing domestic violence, and reported drug use. Alex has a lengthy history of alcohol abuse, use of illegal drugs, and mental health problems. She was offered a plethora of services to deal with these and other issues. In ordering the State to seek termination of parental rights the juvenile court found there had been a "lack of initiative towards completion of any court orders." This finding was fully supported by the evidence.

Although Alex reported undergoing two chemical dependency evaluations, she provided no documentary evidence she had done so or what the resulting recommendations were. She apparently failed to comply with any resulting recommendations. Alex tested positive for alcohol use in March 2013 and again in June 2013. Although ordered to submit to random drug testing, from July 2013 to the termination hearing Alex failed to appear for testing on sixteen occasions and had not been tested since early July.

Alex has been diagnosed as having anxiety disorder and borderline personality disorder, and has a history of suicide attempts and ideations. She was hospitalized for depression and suicidal ideations shortly after the children's

removal, again in July 2013, and yet again in September 2013. Although she perhaps underwent limited or complete mental health evaluations twice during the underlying CINA proceedings, she has not provided the results to the DHS or service providers, and has never followed through with individual therapy that seems to have been recommended.

In July 2013 Alex's visits to the children were decreased to one visit per week because the children had frequently been disappointed and saddened by Alex's failure to appear for scheduled visits. She was informed the visits could increase to two per week if she attended weekly visits for several weeks. Alex did not do so. She attended only slightly more than one half of all scheduled visits, and attended no visits between late September 2013 and the December 2013 termination hearing.

Alex was ordered to obtain suitable and stable housing. She did not do so. Alex and the children's father were evicted from an apartment. In August 2013 Alex was homeless and living with friends. She then lived in the home of her mother, the home from which the children had been removed. Alex had an altercation with her sister, was arrested on a domestic assault charge, and was ordered to have no contact with her sister and mother. Alex went to a "shelter," but was kicked out in early September 2013 for being intoxicated and engaging in inappropriate behavior. She did not appear for the termination hearing and her whereabouts were then unknown.

We find, as the juvenile court did, that the State proved by clear and convincing evidence the third element of section 232.116(1)(e).

**IV.    BEST INTEREST.**

Alex states two additional issues, challenges to the sufficiency of the evidence as to the two other statutory provisions relied on by the juvenile court for termination of her parental rights.  She does so only by stating in the concluding sentence of her discussion of each of those two issues that "it is not in the best interest of her children to have parental rights terminated."  She provides no further elaboration, and neither the statutes nor the cases she cites as supporting legal authority on this issue address any question of best interest. We therefore do not further consider this contention.  *See State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (stating that "random mention of an issue, without elaboration or supporting authority, is insufficient to raise issue for appellate court's consideration"); *Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994) (refusing to consider an issue when party cited no authority and offered no substantial argument in support of the issue).

**V.    CONCLUSION AND DISPOSITION.**

We agree with and affirm the juvenile court's order terminating Alex's parental rights pursuant to Iowa Code section 232.116(1)(e).

**AFFIRMED.**