**IN THE COURT OF APPEALS OF IOWA**

No. 15-0762
Filed July 22, 2015

**IN THE INTEREST OF J.P., T.P. JR., and A.P.,
Minor Children,**

**S.S., Mother,**
          Appellant.

_____

          Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.


          A mother appeals from a juvenile court order terminating her parental

rights to three children.  **AFFIRMED.**


          Bryan Webber of Carr & Wright, P.L.C., Des Moines, for appellant mother.

          Thomas Graves, Clive, for father.

          Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Kathryn

K. Lang, Assistant Attorneys General, John Criswell, County Attorney, and Tracie

Sehnert, Assistant County Attorney, for appellee.

          Jeremy Evans of Sporer & Flanagan Law Firm, Des Moines, attorney and

guardian ad litem for minor children.


          Considered by Vogel, P.J., Mullins, J., and Miller, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

S.S. is the mother of J.P., T.P. Jr., and A.P.  The children were three, two, and one year of age respectively at the time of a March 2015 termination of parental rights hearing.  The children's father is T.P., whose parental rights the State did not seek to terminate.  S.S. appeals from an April 16, 2015 juvenile court order terminating her parental rights to the children.  We affirm.

## I.     SCOPE AND STANDARDS OF REVIEW

Our review of a termination of parental rights proceeding is de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  We are not bound by the juvenile court's findings of fact, but we give them weight, especially when considering credibility of witnesses.  Iowa R. App. P. 6.904(3)(g); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  Grounds for termination of parental rights must be proved by clear and convincing evidence.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  "Clear and convincing evidence" means there are no serious or substantial doubts as to the correctness of the conclusions drawn from it.  *C.B.*, 611 N.W.2d at 492; *Raim v. Stanzel*, 339 N.W.2d 621, 624 (Iowa 1983).

## II.     BACKGROUND FACTS AND PROCEEDINGS

Following a contested hearing, the juvenile court ordered S.S.'s parental rights terminated pursuant to Iowa Code sections 232.116(1)(b), (e), and (*l*) (2015).  On appeal S.S. asserts the court erred in finding each of the three statutory grounds had been proved, erred in finding termination was in the children's best interests because of the closeness of her bond with the children,

and erred in terminating her parental rights as the children were in the legal custody of a relative.

A.P. tested positive for amphetamine and methamphetamine upon birth in August 2013. Both parents acknowledged using illegal controlled substances. The children were removed from the legal custody of the parents and placed in the temporary physical custody of their paternal grandparents, subject to supervision by the Iowa Department of Human Services (DHS). The children's father sought treatment for his substance abuse problem.

The children were adjudicated children in need of assistance (CINA) in October 2013. They were then placed in the legal custody of their paternal grandparents, subject to DHS supervision.

In a November 2013 disposition order the juvenile court continued the children's status and ordered that S.S. have visitation; participate in family safety, risk, and permanency services; obtain a substance abuse evaluation and participate in any recommended services; and provide urine samples for drug screening upon request by the DHS. The status of the children and the court's orders for services continued through February 2014 and May 2014 review hearings and orders, with the addition in May 2014 of a requirement that S.S. obtain a mental health evaluation and follow any resulting recommendations.

In a permanency order resulting from an August 2014 hearing, the juvenile court continued its previous orders for services and the status of the children. As the father, T.P., was participating in services, the court granted an additional six months for efforts to return the children to their parents. In a November 2014

permanency review order the court continued its previous order for services and ordered the children returned to T.P.'s custody, under DHS supervision.

On February 9, 2015, the State filed petitions to terminate S.S.'s parental rights to the children. Following hearing, the juvenile court ordered her parental rights terminated as noted above.

## III.    STATUTORY GROUNDS FOR TERMINATION

S.S. asserts the State did not prove any of the statutory grounds upon which the juvenile court terminated her parental rights. Although the juvenile court relied on each of three separate statutory provisions to terminate her rights, we need find grounds under only one of those provisions in order to affirm the court if otherwise appropriate. *See In re R.R.K.*, 544 N.W.2d 274, 276 (Iowa Ct. App. 1995). We choose to focus on section 232.116(1)(b).

S.S. contends the grounds for termination pursuant to section 232.116(1)(b) (abandonment and desertion) were not proved by clear and convincing evidence. She argues that to the best of her ability she communicated with the children and remained involved in their lives. We disagree.

> "Abandonment of a child" means the relinquishment or surrender, without reference to any particular person, of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of abandonment must include both the intention to abandon and the acts by which the intention is evidenced. The term does not require that the relinquishment or surrender be over any particular period of time.

Iowa Code § 232.2(1).

> "Desertion" means the relinquishment or surrender for a period in excess of six months of the parental rights, duties, or

> privileges inherent in the parent-child relationship. Proof of desertion need not include the intention to desert, but is evidenced by the lack of attempted contact with the child or by only incidental contact with the child.

Iowa Code § 232.2(14).

S.S. is an acknowledged drug addict who states she knows she needs treatment. She has, however, done essentially nothing since late 2013 to deal with the problem and facilitate reunification with the children.

Commencing with an arrest in April 2014 and continuing until the time of the termination hearing, S.S. incurred a litany of criminal charges and convictions and was in and out of jail. Her convictions included trespass, harassment of a public official, possession of drug paraphernalia, and several convictions for theft. She received a deferred judgment on a class "C" felony drug charge. At the time of the termination hearing S.S. was in jail and facing additional charges of harassment of a public official, possession of drug paraphernalia, and theft in the second degree. She also faced a probation violation complaint in which her probation officer recommended imposition of sentence on her earlier class "C" felony drug charge.

S.S. asserts that while incarcerated from November 2014 to January 2015 she talked to the children by telephone every night. However, she visited them only one time from May 2014 to the time of the termination hearing in March 2015, that visit occurring in October 2014. When S.S. was out of jail in January and February 2015 the children's grandmother attempted to have S.S. visit with the children, but S.S. was not at the address she had provided. Throughout the

CINA and termination proceedings S.S. has provided neither any financial support nor any significant emotional support for the children.

We conclude, as the juvenile court did, that the State proved by clear and convincing evidence that S.S. has both abandoned and deserted the children.

## IV. BEST INTERESTS

S.S.'s contention concerning the best interests of the children implicate Iowa Code section 232.116(3).  It provides that termination need not occur if the court finds that any one or more of five enumerated circumstances exist.  We must therefore consider and decide whether either of the two exceptions to termination relied on by S.S. applies.  *See P.L.*, 778 N.W.2d at 40 (stating that after determining whether the evidence proves a statutory ground for termination, and considering whether to terminate by applying the factors of section 232.116(2), if those factors require termination the court must then determine if a section 232.116(3) exception exists precluding termination).

The provisions of section 232.116(3) are permissive, not mandatory.  *In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by P.L.*, 778 N.W.2d at 40.  The court uses its best judgment in applying the factors contained in the statute.  *P.L.*, 778 N.W.2d at 40.

### A. Section 232.116(3)(c).

A court need not terminate the parent-child relationship if the court finds there is clear and convincing evidence termination would be detrimental to the child due to the closeness of the parent-child relationship.  Iowa Code § 232.116(3)(c).  S.S., without further explanation, states that termination of her

parental rights is "contrary to the best interests of the [children] due to the bond between the Mother and her children."

The children are three, two, and one year of age. At the time of the termination hearing, S.S. had seen the children only once in the preceding eleven months. She had been largely absent from their lives even longer. S.S. had legal and physical custody of A.P. only the first few days of A.P.'s life. We do not find any closeness of a parent-child relationship between S.S. and the children. Neither do we find any substantial evidence that termination of S.S.'s parental rights would be detrimental to them.

**B.     Section 232.116(3)(a).**

A court need not terminate the parent-child relationship if the court finds that a relative has legal custody of the child. Iowa Code § 232.116(3)(a). The children are young. They have been doing well with their father since November 2014. S.S. has had little involvement in their lives for the past year, and had legal and physical custody of A.P. only the first few days of A.P.'s life. The children need permanency and stability in their lives. S.S., because of her substance abuse problems and other legal problems is in no position to play any substantial role in their lives for the foreseeable future. We agree with the juvenile court that the fact the father, T.P., has custody of the children should not prevent the otherwise appropriate termination of S.S.'s parental rights to the children.

**V.      CONCLUSION AND DISPOSITION**

We agree with and affirm the juvenile court's termination of S.S.'s parental rights to J.P., T.P. Jr., and A.P.

**AFFIRMED.**