# IN THE COURT OF APPEALS OF IOWA

No. 18-1881
Filed January 23, 2019

**IN THE INTEREST OF J.M., B.M., and L.M.,**
**Minor Children,**

**K.N., Mother,**
        Appellant,

**J.M., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

        A mother and father separately appeal the termination of parental rights.

**AFFIRMED ON BOTH APPEALS.**

        Daniela Matasovic of Matasovic Law Firm, Ames, for appellant mother.

        Patrick C. Peters of Payer, Hunziker, Rhodes & Peters, LLP, Ames, for appellant father.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Shannon M. Leighty of Public Defender's Office, Nevada, guardian ad litem for minor children.

        Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

J.M. is the father and K.N. is the mother of L.M., B.M., and J.M., born in 2013, 2014, and 2017, respectively.  Following a trial, the juvenile court terminated the parents' parental rights, and each parent now appeals the court's order.  Upon our de novo review of the record, we affirm.

## I.  Standard of Review and Statutory Framework.

Parental rights may be terminated under Iowa Code chapter 232 (2018) if the following three conditions are true: (1) a "ground for termination under section 232.116(1) has been established" by clear and convincing evidence, (2) "the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights," and (3) none of the "exceptions in section 232.116(3) apply to preclude termination of parental rights."  *In re A.S.*, 906 N.W.2d 467, 472-73 (Iowa 2018).  Our review is de novo, which means we give the juvenile court's findings of fact weight, especially the court's credibility assessments, but we are not bound by those findings.  *See id.* at 472.  "For evidence to be 'clear and convincing,' it is merely necessary that there be no serious or substantial doubt about the correctness of the conclusion drawn from it."  *Raim v. Stancel*, 339 N.W.2d 621, 624 (Iowa Ct. App. 1983); *see also In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  Our fundamental concern is the children's best interests.  *See In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001).

## II.  Background Facts and Proceedings.

The parents and children came to the attention of the Iowa Department of Human Services (DHS) in February 2017 when the mother visited the hospital and tested positive for methamphetamine (meth).  The State also alleged that both parents cared for the two older children while under the influence of meth.  Shortly thereafter,

the mother gave birth to the youngest of the three children and both she and the child tested positive for meth. The mother also tested positive for amphetamines and opiates. In March, the parents stipulated to removal and the children were adjudicated children in need of assistance (CINA).

*In re J.M.*, No. 17-2073, 2018 WL 1182544, at *1 (Iowa Ct. App. Mar. 7, 2018).

Services were offered to the family, and the parents were given multiple opportunities to put their children first and obtain and maintain sobriety. *See id.* at *1-6. Nevertheless, the parents' progress was minimal until the juvenile court directed the State to file petitions for termination of each parents' parental rights. *See id.* Following the November 2017 termination-of-parental-rights hearing, the court entered its order the following month denying the termination petitions. *See id.* Although the court found the State proved one of the grounds for termination, the court concluded the children's best interests were served by granting the parents six additional months to work toward reunification, stating:

> [B]oth the mother and father have now experienced the longest period of sobriety known to this court. The mother has been sober for approximately two months. The father has been sober for just over four months and has been provided mental health therapy and medication. Both parents have sought the assistance of supportive relatives to assist them in continuing sobriety. Both parents have reasonable and credible plans for their future. [The father] acknowledges the codependent relationship between himself and [the mother], and further acknowledges the need for individual and family counseling in order to prove and sustain a healthy marriage.
> . . . .
> The CINA proceedings are less than one year old and in fact only began about nine months ago in late February 2017. A dispositional order entered a mere six months prior to the hearing on the termination of parental rights. As shown by her date of birth on the petition, the mother is only 23 years of age. Her drug problems commenced when she was but 14 years of age. The father is 29 years of age as shown by his date of birth on the petitions and his drug problems commenced approximate seven years ago when he was 22 years of age. The parents have drug abuse problems that

are years in the making. It is unreasonable to think that those problems would be completely addressed within six months. Consequently it is unreasonable to conclude that their parental rights should be terminated in the absence of an appropriate opportunity to meet the case plan goals in a reasonable amount of time under the circumstances. The children deserve permanency but also deserve an opportunity to have a life with their parents. In the children's best interest to continue the permanency order for an additional period of six months in order to provide the parents an opportunity to reunify with their children to attaining sobriety and stability.

*See also id.*

The children's guardian ad litem appealed the court's order, arguing the State's termination-of-parental-rights petitions should have been granted for several reasons, including that termination of the parents' parental rights was in the children's best interest. *See id.* at *6. A panel of this court affirmed the juvenile court's ruling on the best-interests issue. *See id.* Procedendo issued in March 2018.

Following a July 2018 permanency hearing, the juvenile court entered its order again directing the State to file termination-of-parental-rights petitions with respect to each parent. The court learned the parents had squandered the additional time it had granted:

The parents had nearly 16 months to attempt to reunify the children and have not done so. The father has shown some progress by visiting with the children and in obtaining employment but continues to do drugs and has no say for stable home for the children as his mother and her boyfriend both have substance abuse histories and issues as well. The mother continues to engage in drugs; she faces two felony charges for drug-related crimes, and she offers no support for the children and admits that she is all but a stranger to them.

The court further observed:

Both of these parents had extremely difficult childhoods and began engaging in the use of drugs at an early age. They both suffer from emotional difficulties as a result of the abuse they have endured in

their lives. Nevertheless, neither of them has taken any steps to engage in mental health services. They continue to turn to drugs to escape the pain of tragedy engulfing their lives. That tragedy need not, and should not, engulf the children.

A termination-of-parental-rights hearing was subsequently held in October 2018. The parents testified, which "was emotional but not to such a degree that they did not acknowledge the truths of the matters put to them." Thereafter, the juvenile court entered its order terminating each parents' parental rights.

The parents now appeal, separately.

### III. Discussion.

Both parents challenge the grounds[1] for termination found by the juvenile court, as well as the court's determinations that termination of their parental rights is in the children's best interests and that subsection 232.116(3) does not apply. For the following reasons, we disagree.

### A. Grounds for Termination.

The juvenile court found the State proved several statutory grounds for termination. When that occurs, "we may affirm . . . on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus our analysis on paragraphs (f) as to the two older children and (h) as to the younger child.[2]

---

[1] We note the mother did not challenge one of the grounds for termination found by the juvenile court: 232.116(1)(f) as to the two oldest children and (h) as to the youngest child. We could simply affirm the termination based on that unchallenged ground as urged by the State. *See* Iowa R. App. P. 6.903(2)(g)(3). Nevertheless, we elect to proceed to the merits of termination of the mother's parental rights.

[2] Iowa Code section 232.116(1) paragraphs (f) and (h) are substantially similar but contain different time requirements based on the ages of the children. *Compare* Iowa Code § 232.116(1)(f) (applying to children four years of age or older who have been removed from the home for twelve of the last eighteen months or twelve consecutive months), *with id.* § 232.116(1)(h) (applying to children three years of age or younger who have been

Paragraphs (f) and (h) require the State prove, among other things, the child could not be returned to the parent's care "at the present time." *See* Iowa Code § 232.116(1)(f)(4), (h)(4); *see also A.S.*, 906 N.W.2d at 473 (discussing paragraph (h)). "At the present time" means at the time of the termination-of-parental-rights hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). Upon our de novo review of the record, we find clear and convincing evidence the children could not be returned to either parent's care at the time of the termination-of-parental-rights hearing. We agree whole-heartedly with the juvenile court's following assessment:

> The children cannot be returned to either parent today. The mother lives in Georgia and the [home studies] have denied placement of the children with her in Georgia. She admits to ongoing drug use just weeks ago. She is again moving with her extended family to a location in Georgia several hours away from their current residence. She is facing serious felony and misdemeanor drug charges in Georgia. She last visited her children in September 2017 and has made no effort to reunify with them. Like the mother, the father is homeless. He has no income. He is on parole and was recently arrested for assaultive conduct on or about October 4, 2018. He last used methamphetamine 21 days ago and admits to using methamphetamine monthly. Neither parent has addressed substance abuse issues to the extent that they have [not] been sober for any substantial period of time nor has any parent appropriately addressed recommendations to engage in mental health services. The parents have been offered . . . services targeted to address the issues leading to the children's removal and had parents engaged in the services to any substantial or reasonable degree, it is likely they would have been able to reunify with the children. The parents have refused the services or have failed to respond to them.

The parents were given extra time for reunification, and they could not maintain their sobriety. It is clear the children could not be placed in either parent's care at

---

removed from the home for six of the last twelve months or six consecutive months). The father does not dispute the sufficiency of the evidence establishing the first three elements of paragraphs (f) and (h); as noted above, the mother did not challenge the grounds at all. Therefore, we need only examine whether there is clear and convincing evidence the children could not be returned to the parents' care.

the time of the termination-of-parental-rights hearing. Accordingly, we affirm the juvenile court's determination that the State proved grounds for termination under section 232.116(1) paragraphs (f) and (h).

### B. Best Interests and Section 232.116(3) Exceptions.

The parents' remaining arguments are related; we therefore address them together. Both parents maintain termination of parental rights is not in the children's best interests. Each parent also asserts his or her bond with the children should overcome the need for termination of parental rights. Upon our de novo review of the record, we disagree.

"Time is a critical element" in proceedings concerning parental rights. *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). When a child is removed from his or her parents' care, the parents have a limited time frame, based upon their child's age, to demonstrate the child can be safely returned to the parents' care. *See A.S.*, 906 N.W.2d at 474; *see also* Iowa Code §§ 232.102(6)(b), 232.116(1)(f)(3), (h)(3). For children aged three and under, the legislature has determined that time frame is six months. *See* Iowa Code § 232.116(1)(h)(3); *A.S.*, 906 N.W.2d at 473-74. For children aged four and older, that time frame is twelve months. *See* Iowa Code § 232.116(1)(f)(3).

Iowa law requires the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." *Id.* § 232.102(9); *see also C.B.*, 611 N.W.2d at 493. "Visitation between a parent and child is an important ingredient to the goal of reunification," *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996), and the reasonable-efforts requirement "includes visitation designed to facilitate reunification while providing

adequate protection for the child." *C.B.*, 611 N.W.2d at 493. "However, the nature and extent of visitation is always controlled by the best interests of the child." *M.B.*, 553 N.W.2d at 345.

After the statutory time period for termination has passed, termination is viewed with a sense of urgency. *See C.B.*, 611 N.W.2d at 495. Before the court can grant a parent additional time to work toward reunification, there must be an assurance that the need for removal will no longer exist at the end of that time period. *See* Iowa Code § 232.104(2)(b) (requiring the court, in granting additional time, to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). Children are not equipped with pause buttons, and a child cannot be deprived "of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.S.*, 906 N.W.2d at 474 (cleaned up). Ultimately, in determining whether termination of parental rights is in a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

> The juvenile court found
>
> that it would be in the best interests of the children to terminate the parent-child relationship. The children's safety is best ensured by termination of parental rights to free the children from continued neglect, homelessness, desertion and the dangers of being cared for by drug addicted parents. In order to further the long-term nurturing

and growth of the children, the best placement is with the pre-adoptive foster families to whom the children have become bonded and who have provided the children with safety, love, and nurturing. The physical, mental, and emotional condition and needs of the children can be best met by termination freeing the children for adoption so that they may achieve permanency and safe and stable home is free from drug abuse, criminal activity, neglect, desertion and mental health instability.

Likewise, the court found "the alternatives to termination per 232.116(3), do not apply," pointing out the "father offered no evidence that either foster parent or any other relative or other suitable person would accept guardianship of the children." We concur with the juvenile court's determinations.

Here, we believe the parents love their children and may share a bond. Nevertheless, the parents were given more than one year to demonstrate their ability to care for their children and remain sober. We understand achieving and maintaining sobriety is not easy, but when children are at issue, they and their needs come first. The juvenile court aptly summarized:

> The facts of this case as applied to the law may make the parents appear to be monsters. They are not. Outwardly they appear as average young adults, when the reality is they are traumatized people ravaged by severe addiction to methamphetamine and the many resultant traumas that they have laid bare in the proceedings before this court. They have candidly described their traumatic experiences and have admitted their addictions may end their lives. The court has no words of wisdom or comfort especially as this order is likely to be viewed by them as but one more of the many traumas they have suffered. The parents have described the trauma they have endured emotionally but with candor and dignity. The court can only end with a note of respect to the parents for the dignity and candor they have offered to these proceedings.

The children have thrived in foster care and are adoptable. Considering the children's safety; the best placement for furthering the long-term nurturing and growth of the children; and the physical, mental, and emotional condition and

needs of the children, we agree with the juvenile court that termination of the parents' parental rights is in the children's best interests, and no exceptions to termination set forth in section 232.116(3) apply to further delay permanency.

*IV. Conclusion.*

Because we find clear and convincing evidence the grounds for termination of the parents' parental rights were established under section 232.116(1) paragraphs (f) and (h), termination of the parents' parental rights is in the children's best interests, and exceptions to termination do not apply here, we affirm the juvenile court's order terminating the parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**